# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

GERALD JUNIOR GRIFFIN,

Plaintiff,

v.

CIVIL ACTION NO.: CV510-109

WARE COUNTY JAIL MEDICAL
STAFF NURSES; CHRIS LNU;
DR. GARDNER; and EUGENE
NORRIS, JR.,

Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is presently confined at Georgia State Prison in Reidsville, Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement while he was housed at the Ware County Jail in Waycross, Georgia. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a

claim upon which relief may granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff generally asserts that medical personnel at the Ware County Jail were deliberately indifferent to his serious medical needs. Plaintiff asserts that Defendant Chris (Last Name Unknown) prescribed Plaintiff a different kind of mental health drug than the kind Plaintiff should have taken. Plaintiff states the drug made him very ill, but his complaints about the drug were ignored. Plaintiff states that he was later diagnosed with Crohn's disease.

The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon jail officials to take reasonable measures to guarantee the safety of prisoners. The standard for cruel and unusual punishment,

2

AO 72A
(Rev. 8/82)

embodied in the principles expressed in Estelle v. Gamble, 429 U.S. 97, 104 (1976), is whether the jail officials exhibit a deliberate indifference to the serious medical needs of prisoners. Farmer v. Brennan, 511 U.S. 825, 828 (1994). However, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (quoting Estelle, 429 U.S. at 105). Rather, "an inmate must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994). A mere difference in medical opinion between medical personnel and the prisoner as to the diagnosis or course of treatment is insufficient to support an Eighth Amendment claim. Harris, 941 F.2d at 1505. It appears that Plaintiff disagrees with the course of medical treatment he has received. Even taken as entirely true, Plaintiff's allegations against Defendant Chris (Last Name Unknown) fail to rise to the level of deliberate indifference necessary to establish a violation of his Eighth Amendment right to be free from cruel and unusual punishment.

Plaintiff names as a Defendant "Ware County Jail Medical Staff." A jail's medical staff is not a person or an entity subject to suit because it doesn't have legal existence. Jones v. Irwin County Jail, No. 7:09CV148, 2009 WL 5108233 at *2 (M.D. Ga. Dec. 17, 2009).

Plaintiff also names as Defendants in this case: Eugene Norris, Jr. and Dr. Gardner. A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). Plaintiff fails to make any factual

AO 72A
(Rev. 8/82)

allegations that the aforementioned defendants are involved in any way with his § 1983 claim.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 13th day of January, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)